IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC HOGAN,<br><br>      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SUPPLEMENT<br><br>Case No. 2:16-cv-180 RJS<br><br>District Judge Robert Shelby<br><br>Magistrate Judge Brooke Wells |

Pending before the court is Plaintiff's Motion for Supplemental Proceedings.[2] Plaintiff "moves to supplement the record with the separately submitted report of Dr. Juan Mejia, dated February 18, 2016, . . . ."[3] The Administrative Law Judge (ALJ) decision issued on October 19, 2015[4] and the Appeals Council action is dated January 27, 2016.[5] Dr. Mejia's examination "began on October 22, 2015, three days after the ALJ Decision and during the pendency of the Appeals Council review."[6] But the report did not issue until February 18, 2016.

In the report Dr. Mejia diagnoses included PTSD, an impairment not found as severe by the ALJ at step-two of the sequential evaluation process.[7] Plaintiff argues the evidence is "new,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill will be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] Docket no. 17.

[3] Motion to Supplement, p. 1, docket no. 17.

[4] Tr. 9 (Tr. refers to the transcript of the record before the court).

[5] Tr. 1-3

[6] Motion to Supplement p. 1.

[7] *See* 20 C.F.R. 416.920(a).

and not cumulative, as it contains new facts, *i.e.*, tests not previously administered ...."[8] And, it contains "a diagnosis not even considered by the ALJ, PTSD."[9] According to Plaintiff, the evidence is material if the ALJ's decision "'might reasonably have been different if the new evidence had been before him.'"[10] Further, the diagnosis is not retroactive showing deterioration in the Plaintiff's condition but is a new condition.

Under 42 U.S.C. § 405(g): "The court may, ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[11] This is an exception to the normal Social Security disability review process. Generally, "Court review of the Secretary's denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript filed by the Secretary as required by 42 U.S.C. § 405(g). It is not a trial de novo. The court is not at liberty to consider evidence not in the record certified by the Secretary."[12]

The court is not persuaded by Plaintiff's arguments and finds his request for admission of this evidence improper. Contrary to Plaintiff's arguments, the ALJ did consider PTSD multiple times in his decision. For example the ALJ considered Dr. Malm's impression of PTSD,[13] Dr. Eastvold noting Plaintiff's "level of anger and PTSD"[14] and Dr. James opining that the psychological evaluation "revealed PTSD."[15] Further the cases cited to by Plaintiff, *Wilson v.*

---

[8] Motion to Supplement p. 2.

[9] *Id.*

[10] *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010)).

[11] 42 U.S.C. § 405(g).

[12] *Atteberry v. Finch*, 424 F.2d 6, 39 (10th Cir. 1970) (internal citations omitted).

[13] Tr. 23.

[14] Tr. 24.

[15] Tr. 26.

*Astrue*[16] and *Coleman v. Chater*,[17] do little to support Plaintiff's position. *Wilson* involved statements that "were clearly prepared with Ms. Wilson's social security claim in mind"[18] not a competency evaluation prepared for standing trial in another matter. And, Plaintiff admits that the diagnosis is not retrospective as in *Coleman*.

In short, the court finds the new evidence was not part of the record before the ALJ, was not derivative evidence based "solely on evidence already in the administrative record"[19] and was not material because the ALJ already had evidence of PTSD before him.

Plaintiff's Motion for Supplemental Proceedings is therefore DENIED.

IT IS SO ORDERED.

DATED this 18 May 2017.

Brooke C. Wells
United States Magistrate Judge

---

[16] 602 F.3d 1136 (10th Cir. 2010).

[17] 58 F.3d 577 (10th Cir. 1995).

[18] *Wilson v. Astrue*, 602 F.3d at 1149.

[19] *Id.*