IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC H,<br><br>Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, acting Commissioner of the Social Security Administration,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-180 RJS<br><br>District Judge Robert Shelby<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(b) for a Report and Recommendation on all dispositive matters.[1] Plaintiff, Eric H,[2] seeks judicial review[3] of the Commissioner's decision denying his application for supplemental security income (SSI) under Title XVI[4] of the Social Security Act.[5] After careful consideration of the record, relevant law, and the parties' memoranda, the court has determined oral argument is unnecessary and decides this case based upon the record before it. For the reasons set forth below, the undersigned recommends the decision of the Commissioner be AFFIRMED.

---

[1] ECF no. 16.

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[3] 42 U.S.C. § 405(g).

[4] 42 U.S.C. §§ 1381-1383f.

[5] 42 U.S.C. §§ 401-434.

**BACKGROUND**[6]

Mr. H applied for SSI in March 2014 alleging disability due to blindness and deafness on his life side, back pain, anxiety disorder, and post-traumatic stress disorder (PTSD).[7] The record indicates Plaintiff initially alleged his inability to work began on July 1, 1983, but that date was amended to March 25, 2014.[8] Plaintiff has applied for and been denied benefits on three prior occasions, including most recently being denied on March 13, 2014.[9]

Mr. H appeared before an Administrative Law Judge (ALJ) regarding the instant claim for SSI on August 12, 2015. Plaintiff suffered a gunshot wound in 1983 when he was 19 years old and that allegedly led to the blindness and deafness on his left side. After hearing all the evidence, the ALJ issued a decision following the familiar five-step sequential evaluation process used to assess social security claims.[10] The ALJ found Mr. H had the severe impairments of degenerative disc and joint disease of the lumbar spine, no usable vision in the left eye, no usable hearing in the left ear, personality disorders and borderline intellectual functioning.[11] None of these severe impairments were found to meet or equal a listing. The ALJ determined Claimant could perform medium work with numerous limitations including *inter alia*, he could never climb ladders, ropes or scaffolds, he could perform no work requiring fine depth perception or full field of vision to the left, Claimant would be limited to decisions in

---

[6] The parties fully set forth the medical history in their respective memoranda. The court finds it unnecessary to repeat that record in specific detail here. Rather, the court notes those items that are pertinent to its decision.

[7] Tr. 13, 316.

[8] *See id.*

[9] Tr. 181.

[10] *See* 20 C.F.R. § 416.920; *Fisher-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) (summarizing the five step process).

[11] Tr. 16.

simple, routine work and rare contact with the public.[12] Thereafter, based upon the vocational expert testimony, the ALJ found Claimant capable of performing other jobs in the national economy that exist in significant numbers.[13] Representative jobs include medical assembler plastic, small parts assembler and solderer.[14] Thus he was found not disabled.

## STANDARD OF REVIEW

Because the Appeals Council denied the claimant's requested review the ALJ's decision is considered the Commissioner's final decision for purposes of this appeal.[15] The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record.[16] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17] "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."[18] In considering claimant's appeal the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[19]

## DISCUSSION

On appeal Plaintiff raises a number of issues alleging error. These include:

I. Does new evidence require remand?
II. Did the ALJ fail to consider all impairments, Listings and Equivalence?

---

[12] Tr. 20 (for a list of all the limitations the reader is directed to the ALJ's decision).

[13] Tr. 37-38.

[14] Tr. 38.

[15] *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.

[16] *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 778, 790 (10th Cir. 2006).

[17] *Doyal* 331 F.3d at 760.

[18] *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).

[19] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

III. Is the hypothetical in the Administrative Law Judge Decision the same as the hypothetical presented at the hearing?
IV. Is the RFC based upon any citation to the record, and does it omit admitted limitations?
V. Did the ALJ fail to comply with SSR 00-4p by asking the VE if his testimony was consistent with the DOT?
VI. Was the VE testimony in error?
VII. Did the ALJ fail to comply with 20 CFR 416.927 by failing to accord adequate weight to the opinion of the plaintiff's treating physician or properly evaluate other medical opinions?
VIII. Did the ALJ improperly dismiss the third party report of the plaintiff's wife?[20]

The court already rejected Plaintiff's motion to supplement the record with new evidence regarding PTSD.[21] As noted by the court previously in its order, the ALJ did consider PTSD multiple times in his decision including Dr. Malm's impression of PTSD,[22] Dr. Eastvold noting Plaintiff's "level of anger and PTSD"[23] and Dr. James' opinion that the psychological evaluation revealed PTSD.[24] Accordingly, the court need not readdress Claimant's argument that new evidence requires a remand.

**A. Mr. H's Credibility**

Before turning to Plaintiff's arguments the court notes the importance of Plaintiff's credibility in this case. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and

[20] Plaintiff's Opening Brief p. 2, ECF No. 19.

[21] ECF No. 32, ECF No. 35.

[22] Tr. 23.

[23] Tr. 24.

[24] Tr. 26.

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[25]

Here, the ALJ thoroughly discussed Mr. H's inconsistent stories, along with evidence in the record of normal test results[26] and improvement when taking certain medication such as Lithium.[27] For example, Plaintiff stated he needed hip replacement surgery, but x-rays of his hips did not support that claim.[28] Mr. H complained of serious back issues yet medical providers noted his physical fitness.[29] On another occasion, Plaintiff reported not using drugs in 30 years, but the record clearly reflected otherwise. There are also inconsistencies in the number of children Plaintiff reported having from three to fifteen[30] and in the circumstances surrounding his legal problems.[31] Finally, Mr. H stated to one medical provider, Dr. Liz McGill, "I've got multiple medical and it's time for me to get some money I've been locked up most of my life and I deserve to be paid."[32] These inconsistencies support the finding of malingering in the record.[33]

---

[25] *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citations, brackets and internal quotation marks omitted); *see also Diaz v. Sec'y of Health & Human Servs*., 898 F.2d 774, 777 (10th Cir.1990).

[26] Tr. 33, 604.

[27] Tr. 22, 28, 32-33, 716, 719 , 722.

[28] Tr. 32.

[29] Tr. 32-33.

[30] Tr. 82, 604.

[31] Tr. 32.

[32] Tr. 712.

[33] Tr. 25, 712.

Based on the record, the undersigned finds that substantial evidence supports the ALJ's credibility determination of Claimant.[34] The credibility determination also lends support to the Commissioner's ultimate decision to deny benefits.

**B. The ALJ sufficiently considered Mr. H's impairments, listings and equivalence.**

Plaintiff argues the ALJ failed to consider all his impairments, the listings and equivalence. Plaintiff further argues the ALJ failed to include the PTSD symptoms and impairments. Mr. H points to the opinions of Dr. Malm concerning affective disorder, Dr. Grange's residual functional capacity finding, thoracic disease and failures to consider Listings 12.06 for anxiety related disorders or 12.07 somatoform disorders, as evidence of the ALJ's failures. The court is not persuaded by these arguments.

First, as noted previously, PTSD was considered by the ALJ. Next, Plaintiff's alleged failures in considering impairments stem from reports that were not only part of his prior disability applications, but are undermined by the ALJ's current analysis. For example, the ALJ extensively discussed Dr. Karen Malm's visit with Plaintiff in November 2013, where Dr. Malm noted a mood disorder, not otherwise specified, an antisocial personality disorder and PTSD.[35] The ALJ also discussed evidence from, *inter alia*, Dr. Angela Eastvold,[36] Dr. Liz McGill,[37] Dr. Mary James,[38] Dr. Michael Conklin,[39]

---

[34] See *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir.2000) ("[T]he ALJ did not simply recite the general factors he considered, he also stated what specific evidence he relied on in determining that [the claimant's] allegations of disabling pain were not credible.").

[35] Tr. 22.

[36] Tr. 23.

[37] Tr. 24.

[38] Tr. 25-26.

[39] Tr. 27

Dr. Tim Grange[40] and Dr. James Robbins.[41] "In the Tenth Circuit an ALJ need not discuss all the evidence when rendering a decision."[42] A careful review of the ALJ's decision leads the court to find the ALJ sufficiently considered Plaintiff's impairments. The standard of perfection Plaintiff argues for is unreasonable and not required.[43]

Third, the ALJ specifically considered listings 1.04, 12.05, 12.07 and 12.08 finding Plaintiff did not meet or medically equal them.[44] Contrary to Plaintiff's assertions, this matter is not the same as *Clifton v. Chater*,[45] where the ALJ did not "even identify the relevant Listing or Listings" and offered a "summary conclusion."[46] Rather, the ALJ here specifically discussed certain criteria that were not met in the Listings.[47]

Finally, in response to the Government's arguments regarding normal test results, Plaintiff asserts the Government is "attempting to engage in a post hoc rationalization to uphold the ALJ decision."[48] This argument is completely unavailing because the Government is pointing to evidence that supports the ALJ's decision, something which the ALJ also cited to in the decision. That is not post hoc rationalization.

---

[40] Tr. 27.

[41] Tr. 29.

[42] *Thompson v. Berryhill*, 2018 WL 1568760, at *2 (D. Utah Mar. 29, 2018); *see Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (rejecting claim that the ALJ was required to discuss all the evidence).

[43] *See, e.g.*, *Sanders v. Astrue*, 2008 WL 5427681, at *8 (D. Kan. Dec. 29, 2008) (finding that the ALJ's analysis while not perfect is sufficient); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (noting that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.").

[44] Tr. 18-19.

[45] 79 F.3d 1007, 1009 (10th Cir. 1996).

[46] *Id.*

[47] There is no basis to remand on account of the ALJ not discussing Listing 12.06. Under Plaintiff's reasoning an ALJ would need to discuss a near endless series of Listings and that is not required.

[48] Reply p. 3.

**C. Alleged errors in the hypothetical**

As is often the case, during the hearing the ALJ presented a hypothetical to the vocational expert (VE) to assess whether there were jobs that Claimant could perform in the national economy.[49] The hypothetical at the hearing lacked limitations regarding Plaintiff's vision and hearing. Following the hearing, the ALJ issued an interrogatory to the VE asking about the number of jobs available with the additional limitations of "no usable vision in the left eye" and "no usable hearing in the left ear."[50] The VE responded that the number of small parts assembler jobs and solder jobs would be reduced by 40%, and the medical assembler jobs reduced by 30%.[51]

Claimant takes issue with the hypothetical at the hearing arguing it is not the same as in the decision and confuses concepts such as proximity and teamwork.[52] Thus, according to Mr. H, the court "cannot evaluate exactly what the ALJ meant the hypothetical to be."[53]

In *Hargis v. Sullivan*, the Tenth Circuit noted that hypothetical questions should relate a claimant's impairments with precision.[54] Otherwise, the testimony elicited from hypothetical questions "cannot constitute substantial evidence to support the Secretary's decision."[55] The hypothetical questions need only include those limitations the ALJ finds

---

[49] Tr. 110-113.

[50] Tr. 454-455.

[51] *See id*

[52] *See* opening brief p. 16, reply p. 4-5.

[53] Reply p. 5.

[54] *Hargis v. Sullivan*, 945 F.2d 1482, 1491–92 (10th Cir. 1991); *see also* *Sandoval v. Barnhart*, 209 F. App'x 820, 825, 2006 WL 3735515, at *4 (10th Cir. 2006).

[55] *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990).

are established by the record.[56] Although the ALJ's hypotheticals at the hearing were imprecise, read closely and in conjunction with the additional interrogatory sent after the hearing, they describe Claimant's limitations as found in the record with sufficient precision to constitute evidence to support the denial of benefits. If the ALJ had failed to update his hypotheticals with the vision and hearing limitations, then they would have been in error. Taken together, however, they are adequate and the court rejects Claimant's request to remand based on the hypotheticals.

**D. Alleged errors with the RFC**

Claimant takes issue with the ALJ's determination of his residual functional capacity (RFC). RFC is essentially the most an individual can do despite their limitations.[57] And, it is based "on all of the relevant medical and other evidence."[58]

Mr. H specifically argues "that the ALJ is required to explain why [certain] limitations are not included."[59] This is different, according to Claimant, than arguing the ALJ was required to include certain limitations. The limitations at issue include moderate limitations in concentration and persistence. The record does not support these arguments because they are undermined by the ALJ's RFC. The ALJ limited Plaintiff "due to deficits in attention and concentration" and to work that is simple and routine.[60] These limitations account for Claimant's alleged deficiencies in the RFC. Thus, Plaintiff's argument fails.

---

[56] *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).

[57] *See* 20 C.F. R. § 416.945(a).

[58] *Id.* at (a)(3).

[59] Reply p. 5.

[60] Tr. 20.

Finally, Plaintiff also asserts the RFC is not based on any citation to the record. The court finds this argument disingenuous at best. The ALJ cites to the plentiful medical evidence in the record, Plaintiff's malingering and even a lay opinion as part of the RFC analysis.[61] Such an analysis is consistent with the Code of Federal Regulations.[62]

**E. The issues surrounding the vocational expert**

Occupational evidence provided by a VE should generally be consistent with the occupational information provided in the dictionary of occupational titles. If there is a conflict, then under SSR 00-4p an ALJ is to "elicit a reasonable explanation for the conflict before relying on the VE … evidence to support a determination or decision about whether a claimant is disabled."[63] Plaintiff argues the ALJ erred by failing to comply with SSR 00-4p. Plaintiff further argues the VE testimony was in error because the VE provided jobs with a reasoning level of two. The court rejects both arguments.

The ALJ asked the VE about conflicts at the hearing,[64] but did not do so in the follow up interrogatory. The court, however, agrees with the explanation offered in the ALJ's decision, to wit, the ALJ "relies on [the VE's] prior answer indicating that his testimony regarding job numbers and the sit/stand option were based on his experience."[65] The follow up interrogatory was not given in a vacuum; rather, it added additional limitations and prior limitations were subsumed within it.

---

[61] Tr. 20-33.

[62] *See* 20 C.F.R. § 416.945.

[63] SSR 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000); *see e.g., Madron v. Astrue*, 311 F. App'x 170, 181, 2009 WL 323248, at *9 (10th Cir. 2009) (finding that the ALJ failed to seek any explanation for a contradiction and therefore the ALJ's finding that the claimant could work as a cahier II is not supported by substantial evidence).

[64] Tr. 114

[65] Tr. 14.

In similar fashion, the court has carefully reviewed the record and finds no merit to Mr. H's contention that his RFC conflicts with the jobs that require a reasoning level of two.

**F. The weight given to treating physicians**

Plaintiff takes issue with the weight given by the ALJ to certain treating physicians and argues the ALJ failed to comply with the federal regulations. Specifically, Mr. H asserts errors with the ALJ's use of "partial weight" and the weight given to the opinions of Dr. Grange, the DDS physicians and examining psychologists.

20 C.F.R. § 416.927 provides the framework for evaluating medical opinions. Generally more weight is given to medical opinions from treating sources. Certain factors such as the length of the treating relationship, frequency of examination, the nature of the treating relationship, support from laboratory findings, consistency with other medical opinions and specialization are considered when determining the weight to give a medical opinion.[66]

Mr. H argues the court "cannot meaningfully examine the ALJ's evaluation of the medical opinions" because of using language such as partial weight[67] and points to a case from the Northern District of Ohio, *Elias v. Commissioner of Social Security*,[68] in support. In *Elias*, the court criticized the use of terms "less weight" and "some weight" finding them unhelpful and "particularly problematic given the ALJ's observations as to the state agency and consulting examination physicians that the evidence supported

---

[66] *See*20 C.F.R. § 416.927(c)

[67] Opening brief p. 17, ECF No. 19.

[68] *Elias v. Comm'r of Soc. Sec*., No. 1:10 CV 472, 2010 WL 5158871, at *1–3 (N.D. Ohio Dec. 14, 2010).

greater limitations."[69] The VE testified that if Mr. Elias had a limitation of sitting 2 hours in an 8-hour day, then no jobs existed that he could perform. Further, the ALJ failed to adequately explain the "smorgasbord approach" piecing together medical opinions while largely ignoring the evidence weighing in favor of disability.

Here, the VE testimony is not so severely limiting, there is not a single limitation, such as sitting, that precludes Mr. H from working and the ALJ's explanation in the record does not foreclose meaningful review. The court finds *Elias* unpersuasive and does not adopt Plaintiff's criticism of the term "partial weight."

"An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record."[70] In this case, the ALJ gave Mr. H's alleged treating physician, Dr. Grange, opinion little weight because of a cursory examination. Additionally, six months later, Dr. Grange noted Mr. H "was in excellent physical shape indicative of compliance with an exercise program that he must be tolerating."[71] The ALJ also pointed to Dr. Grange's negative test results as a basis for the assigned weight.

The ALJ also considered the opinion of Dr. Eastvold. Dr. Eastvold opined Claimant was "capable of working and would be most successful in a position that was relatively structured and routine with minimal decision making responsibilities."[72] The ALJ gave Dr. Eastvold's opinion partial weight noting the inconsistencies with other medical evidence and internal inconsistencies within Dr. Eastvold's own opinion.

---

[69] *Id.* at *2.

[70] *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (citation omitted).

[71] Tr. 34.

[72] Tr. 34.

The ALJ weighed the opinion of Dr. Malm noting the work capacity evaluation form Dr. Malm filled out as well as the psychological report prepared at the request of DDS. Dr. Malm's opinions were given partial weight based on the reliance on Mr. H's self-reports and the inconsistencies with other subsequent medical evidence.

A similar analysis was performed on the opinions of the DDS physicians giving some partial weight, such as those of Dr. Raps and Dr. Macnamara, while others such as Dr. Peterson was given comparative less weight than Dr. Tucker.[73] Finally, the ALJ also considered the GAF scores in the record discounting them due to their subjective nature, lack of supporting narrative and their limitations as a snapshot of functioning.[74]

Following a review of these medical opinions, the ALJ's reasoning and the other medical evidence in the ALJ's decision, the court finds the ALJ met the burden under 20 C.F.R. § 416.927[75] to weigh the medical opinions in the record. The mere fact that the ALJ did not call Dr. Grange a treating physician does not warrant a remand. There is sufficient contradictory evidence noted by the ALJ that it was unnecessary to give Dr. Grange controlling weight and a failure to term him as a treating physician is harmless error.[76]

---

[73] Tr. 36.

[74] GAF is a scoring system based on a 100-point scale used by clinicians to evaluate a person's psychological, social and occupational functioning. *See* Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual – Tex Revision* (2000) (DSM-IV-TR) 30-33.

[75] *See* 20 C.F.R. § 416.927(c)

[76] *See e.g.*, *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (finding that it "may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").

**G. The ALJ properly considered the lay opinion of Valerie H, Plaintiff's wife.**

The ALJ discussed the opinion of Plaintiff's wife, Valerie H, in his decision. The ALJ gave her opinion little weight because she "is not an accepted medical source with specialized knowledge regarding the claimant's physical condition and limitations."[77] The ALJ also noted the potential bias in her opinion. There is no error in this analysis and the court rejects Plaintiff's arguments to the contrary.

## CONCLUSION

In conclusion, the court notes that Plaintiff's counsel appears to have a fundamental misunderstanding of what is required of an ALJ when rendering a decision on benefits. In the 10th Circuit, the "record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."[78] Plaintiff's counsel's Sisyphean arguments and the nature and tone of the briefing demonstrate this misunderstanding.

## RECOMMENDATION

Based on the foregoing, the undersigned finds the ALJ's decision is supported by substantial evidence and the correct legal standards were applied. Thus the undersigned recommends the Commissioner's decision be AFFIRMED.

---

[77] Tr. 34.

[78] *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

**NOTICE**

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service.[79] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3 August 2018.

Brooke C. Wells
United States Magistrate Judge

[79] *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b).